# CIRCUIT COURT OF WASHINGTON COUNTY

Ronald W. Davidson

v.

Trigon Insurance Co.

December 7, 1999

Case No. (Law) 98-166

BY JUDGE CHARLES H. SMITH, JR.

I have completed my review of this case, which has been submitted to me for final decision on the merits. I have reviewed the pleadings and the exhibit and considered same in light of counsels' arguments made at the hearing on October 29, 1999, and counsels' respective memoranda filed herein. In consideration of all of which, the court finds as follows.

The facts are not in dispute. The plaintiff applied for and was issued by the defendant a policy of health care insurance for himself and his dependents. The policy was in effect when plaintiff's minor child and dependent, Jeremy, was injured in an automobile accident on March 6, 1998. The plaintiff incurred substantial medical bills on account of treatment rendered to his minor child. Plaintiff submitted these bills to the defendant for payment, and payment was refused. The defendant refused payment based upon a specific exclusionary provision in the policy which states that coverage is not provided "for *any loss* [emphasis supplied] resulting from the covered persons' being under the influence of alcohol ... ." For purposes of this case, it is conceded by the plaintiff that his son was under the influence of alcohol at the time of the automobile accident. Nevertheless, the plaintiff filed this lawsuit on August 10, 1998, seeking judgment against the defendant for the medical bills and reasonable attorney's fees. The defendant filed a demurrer and grounds of defense herein on September 3, 1998, generally denying the allegations of

the motion for judgment and relying upon the specific language of the policy quoted above.

The plaintiff contends that as the owner of the policy in question, he is the "insured" and also a "covered person" under the terms of the policy. He contends that his dependent, Jeremy, is also a "covered person" under the terms of the policy. He reasons that even though Jeremy would be excluded himself from claiming any payments from the defendant on account of his medical bills because of his intoxication, that this does not prohibit him from recovering as an insured/covered person under the policy since he has a legal obligation to pay necessary and reasonable medical expenses for his son. As stated by the plaintiff in his memorandum, "We are not asking for coverage through the dependent's portion of this insurance policy, but rather asking for direct coverage for Mr. Ronald W. Davidson pursuant to his being covered under the policy and having an insurable interest which would allow him to be indemnified for the expenses he incurred." The plaintiff, in this regard, also relies upon § 38.2-3507 of the Code which states:

> The word "insured" as used in this article shall not be construed to prevent a person with a proper insurable interest from applying for and owning a policy covering another person or from being entitled to any indemnities, benefits, and rights provided under the policy.

The plaintiff did concede that he has no claim for attorney's fees should he prevail.

The defendant, on the other hand, essentially relies upon what it maintains is the clear and unambiguous language of the insurance contract. In this regard, the defendant relies upon fundamental rules of contract construction noting that it is not the function of the court to make contracts for parties. It contends that the court is required to give effect to the clear and unambiguous exclusionary language contained in this policy.

Resolution of the issue here requires close scrutiny of the definitions and specific language contained in the insurance contract. The word insured is defined as follows: "This word refers to the individual designated by us to be the insured. If the applicant applies for and is granted coverage for himself or herself, then the applicant is the insured." The policy defines "covered persons" as "the people covered by this policy. Covered persons are: the insured; and the insured's dependents ... ." The plaintiff under the terms of this policy is the insured as well as being a covered person. The plaintiff's dependent, Jeremy, likewise is a covered person. Under the terms of the policy, either would be entitled to payment for a covered loss. Here, however,

it is clear that there is no independent coverage for the insured's dependent, Jeremy, under the exclusionary provision referred to above, unless it derives from the fact that the insured, being his father, is entitled to independent coverage because he is ultimately responsible for his son's medical bills. Counsel both agree that there is really no case law directly on point in Virginia. In any event, these disputes generally turn upon the particular language utilized in the individual contracts.

The court is of the opinion that the plaintiff herein seeks to extend the coverage beyond that contemplated by the parties in their contract. The plaintiff's argument, if carried to its logical conclusion, would render this exclusionary provision just so much surplusage except as it pertains to the insured himself, since the insured is, at once, responsible for his own medical bills, those of his spouse (§ 8.01-220.2 of the Code), and those of his dependent children (§ 20-61 of the Code). Furthermore, while there is no Virginia case on point, I am persuaded by the reasoning of the Honorable James P. Jones, Jr., United States District Court Judge, in a recent case which I think is analogous. I refer to the case of *Keen v. Travelers Indemnity* (1:99CV00129, decided November 10, 1999). That was a wrongful death case in which the insurance policy in question contained a bodily injury limit of liability of uninsured motorist coverage of $100,000.00 each person/$300,000.00 each accident. The parents of the child who died sought to extend the $100,000.00 each person limit to both their claim for the medical expenses of their child as well as for the related wrongful death claim. Judge Jones, in a case of apparent first impression, decided that the parents' derivative claim was included within the policy's $100,000.00 bodily injury limitation. The parents contended that the per person limitation only applied to damages sustained by one person and did not apply to damages sustained by more than one person that resulted from bodily injuries sustained by only one person. Judge Jones rejected this contention and found that the usual and ordinary construction of the language in the policy is that the limit applied to all claims for damages resulting from bodily injuries sustained by one person regardless of who asserts the claims. The same logic applies here. The language of the policy excludes coverage for *any loss* under these circumstances regardless of who makes the claim.